[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MOTION OF DECISION RE: DEFENDANT'S MOTION TO DISQUALIFY
This case arises from contractual disputes between the parties. The matter was heard by an arbitrator who found in favor of the plaintiff in the amount of $112,000.00. This matter was heard by an arbitrator who found in favor of the plaintiff in the amount of $112,000.00. The plaintiff moved for confirmation of the arbitration award and on June 8, 2001, the court, Rush, J., granted the plaintiff's motion. The defendants have not yet paid any portion of the judgment. The plaintiff changed CT Page 8021 counsel on December 21, 2001, and retained current counsel, Harlow, Adams Friedman (Harlow) to handle the post judgment proceedings.
Harlow began investigating Voll's assets by conducting routine searches of public records. Subsequently, the plaintiff filed judgment liens on the real estate owned by Voll. In addition, Harlow filed petitions on behalf of the plaintiff to examine Voll as a judgment debtor. Voll moves to disqualify Harlow pursuant to Rule 1.7 lf the Rules of Professional Conduct.[1]
Voll alleges that Harlow has represented him and his wife in the past in asset acquisitions and "business organizations", thereby giving the firm knowledge of Voll's financial condition. Voll argues that rule 1.7 of the Rules of Professional Conduct prohibits Harlow from representing the plaintiff because Harlow's interest in the action is directly adverse to his own. Moreover, Voll contends that Harlow owes him a duty of loyalty which the firm is breaching by representing the plaintiff. Therefore, Voll argues, Harlow should be disqualified as counsel for the plaintiff
The plaintiff counters that Harlow never represented Voll and that he has failed to present a sufficient factual basis in order to obtain the severe remedy of disqualification. Specifically, the plaintiff contends that although it represented certain companies Voll was involved in Harlow's client in these matters was Arnold Peck. Further, the plaintiff argues that rule 1.7 applies only to current representation of adverse clients, which is not the case here.
 DISCUSSION
"The Superior Court has inherent and statutory authority to regulate the conduct of attorneys who are officers of the court. . . . We accord wide discretion to a trial court's ruling on a motion for disqualification of counsel for conflict of interest." (Internal quotation marks omitted.) American Heritage Agency, Inc. v. Gelinas,62 Conn. App. 711, 724, 774 A.2d 220, cert. denied, 257 Conn. 903,777 A.2d 192 (2001). "Before permitting a party to disqualify an attorney the moving party bears the burden of proving facts
which indicate disqualification is necessary. The courts should act very carefully before disqualifying an attorney and negating the right of a client to be represented by counsel of choice." (Emphasis in original; internal quotation marks omitted.)Somers Associates v. Kendall, Superior Court, judicial district of Windham at Putnam, Docket No. 064478 (February 23, 2001,Foley, J.), see also Dileina Taverna v. NorwalkImprovements, Superior Court, judicial district of Fairfield at CT Page 8022 Bridgeport, Docket No. 378831 (December 4, 2000, Rush, J.).
"Disqualification of counsel is a remedy that serves to enforce the lawyer's duty of absolute fidelity and to guard against the danger of inadvertent use of confidential information. . . . In disqualification matters, however, we must be solicitous of a client's right freely to choose his counsel . . . mindful of the fact that a client whose attorney is disqualified may suffer the loss of time and money in finding new counsel and may lose the benefit of its longtime counsel's specialized knowledge of its operations. . . . The competing interests at stake in the motion to disqualify, therefore, are: (1) the defendant's interest in protecting confidential information; (2) the plaintiffs' interest in freely selecting counsel of their choice; and (3) the public's interest in the scrupulous administration of justice. . . ." (Citations omitted; internal quotation marks omitted.) Bergeron v. Mackler, 225 Conn. 391,397-98, 623 A.2d 489 (1993). "Although considering the appearance of impropriety may be part of the inherent power of the court to regulate the conduct of attorneys, it will not stand alone to disqualify an attorney in the absence of any indication that the attorney's representation risks violating the Rules of Professional Conduct." Id., 399-400.
Voll has not presented any evidence to support his assertion that Harlow ever represented him. The plaintiff contends that Harlow never represented Voll and that the only time it came into contact with Voll was in its capacity as counsel to Arnold Peck in matters concerning the businesses 902 BP Associates, LLC and Forest Road LLC. Although the plaintiff acknowledges that for a brief time in 1995 the firm represented 902 BP Associates, LLC. which may be currently owned by Voll's wife, Antoinette Voll, its involvement with that entity was as counsel for Arnold Peck. The plaintiff also acknowledges that Harlow represented Arnold Peck, when he sold his interest in another company to Voll's wife. The plaintiff contends, however, Voll, his wife and the company were all represented by separate counsel in that matter.
Voll has not met his burden of proof in this case. He presented no evidence indicating that he had an attorney-client relationship with Harlow. Moreover, there is no evidence that Harlow obtained any confidential information about him during its representation of Arnold Peck. Therefore, Voll's motion to disqualify Harlow as plaintiffs' counsel is denied.
 ___________________ GALLAGHER, J.